Kristin N. Springer (#208778)
Law Office of Kristin Springer
P.O. Box 11565
Pleasanton, CA 94588
Phone: 925-551-1041
Email: specialedlegaljourney@comcast.net
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

| | |
|---|---|
| M.R.G., (A MINOR BY AND THROUGH HER PARENTS, HECTOR AND VERONICA RAMIREZ GONZALEZ,<br><br>       Plaintiffs,<br><br>vs.<br><br>PLEASANTON UNIFIED SCHOOL DISTRICT,<br><br>       Defendant | Case No.: TBD<br><br>APPEAL OF AN OFFICE OF ADMINISTRATIVE HEARINGS SPECIAL EDUCATION DIVISION DECISION PURSUANT TO 20 USC § 1415(J) AND COMPLAINT FOR DAMAGES FOR DENIAL OF EQUAL ACCESS TO EDUCATION BASED UPON DISABILITY UNDER THE ADA TITLE II AND 504 OF THE REHABILITATION ACT. |

## THE PARTIES

1.) Plaintiff M.R.G., by and through her parents, Hector and Veronica Gonzalez (collectively "Parents"), is a minor and is a student receiving special education services under the Individuals with Disabilities Act of 2004 ("IDEA"),

APPEAL OF AN OFFICE OF ADMINISTRATIVE HEARINGS SPECIAL EDUCATION DIVISION DECISION PURSUANT TO 20 USC § 1415(J) AND COMPLAINT FOR DAMAGES FOR DENIAL OF EQUAL ACCESS TO EDUCATION BASED UPON DISABILITY UNDER THE ADA TITLE II AND 504 OF THE REHABILITATION ACT. - 1

20 USC § 1400, *et seq.*, Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act and California Education Code § 56000 *et seq.*, and the applicable implementing regulations. Plaintiff resides in Pleasanton, CA, in Alameda County within the State of California. Pleasanton lies within the boundaries of the Pleasanton Unified School District ("PUSD") or ("District").

2.)     Defendant PUSD is a public-school district in Pleasanton, CA, duly organized and existing under California law. It is a Local Education Agency "("LEA") within the meaning of the IDEA. At all times relevant, District was the LEA responsible for M.R.G.'s education under IDEA, as it is her District of residence. District is governed by the laws of the State of California, the laws of the United States, and the Constitution of the United States in carrying out its duties and responsibilities.

## **JURISDICTION AND VENUE**

Because this action arises under the IDEA (20 U.S.C. §1415 *et seq.*), the ADA (42 USC § 12101 et seq.), and Section 504 of the Rehabilitation Act of 1973 (29 USC § 794) this Court has subject matter jurisdiction over the claims alleged.

To the extent the IDEA required exhaustion, Plaintiff has exhausted her administrative remedies as explained further herein.

The Northern District Court of California is the proper venue because Plaintiffs and Defendants reside in and their principal place of business is within this district, and the claims arose in this district under 28 U.S.C. § 1391(b).

## **GENERAL ALLEGATIONS**

1.)     Plaintiff is an eleven-year-old child eligible for special education under the categories of: autism and other health impaired. She also meets the criteria for intellectual disability and speech and language impairment. Plaintiff also has attentional, behavior, and sensory issues which impact her ability to access her education. Student has a Behavior Intervention Plan ("BIP") to replace behaviors which impede her learning with functional communication and coping skills. Plaintiff is also learning functional communication through a program called Picture Exchange System ("PECs") which involves in the exchange of picture icons with a communication partner. Plaintiff is placed in a moderate to severe SDC class.

2.)     Plaintiff has a twin sister who is also eligible for special education under the categories of autism and other health impaired. Plaintiff's twin also meets the eligibility criteria of intellectual disability and speech language impairment. Plaintiff and her twin sister are in the same moderate to severe SDC

APPEAL OF AN OFFICE OF ADMINISTRATIVE HEARINGS SPECIAL EDUCATION DIVISION DECISION PURSUANT TO 20 USC § 1415(J) AND COMPLAINT FOR DAMAGES FOR DENIAL OF EQUAL ACCESS TO EDUCATION BASED UPON DISABILITY UNDER THE ADA TITLE II AND 504 OF THE REHABILITATION ACT. - 3

class, require one to one aide support throughout their school day, have similar

BIPs, and are learning PECs.

3.)    Plaintiff was initially found eligible for special education on January

9, 2019 by the Palos Verdes Peninsula Unified School District.

4.)    Plaintiff moved to Pleasanton in the summer 2019. She was enrolled

in the Pleasanton Unified School District.

**M.R.G.'s Appeal of the Office of Administrative Hearings Denial of**

**M.R.G.'s Motion for Put Pending Resolution of Administrative Claims**

5.)    Under her October 30, 2019 individualized education plan ("IEP"),

Plaintiff relies on the provision of her one-to-one aide throughout her school day to

help her access her education, build functional skills, and reduce behaviors which

impede her learning.

6.)    Plaintiff's last agreed upon and implemented IEP is the January 9,

2019 IEP as amended on October 30, 2019 and consented to on November 15,

2019.

///

///

///

7.)     Compared to Plaintiff's IEP, District is providing the following during

remote learning:

| Services Listed in IEP | Services Minutes | Remote Learning |
|---|---|---|
| **Specialized Academic Instruction** | 1 x 1915 min weekly (group) | 15 min M, Tu, Wed, Th, Fri synchronous (whole group) with teacher (like circle time in class/not individual academics)<br><br>2 x 30 min weekly synchronous (individual) with speech therapist and teacher<br><br>1 x 30 min Wed synchronous (whole group language push-in class) with speech therapist and teacher |
| **Behavior Services including one to one Aide Support** | Consultation- 90 min monthly<br><br>Consultation with Parents- 15 min monthly<br><br>Direct- 150 min<br><br>One to one aide (throughout day) | 1 x 30 min weekly direct service (asynchronous) or 120 min monthly<br><br>1 x 15 min weekly consultation<br><br>(District claims one to one aide support is being provided remotely but that is not true.) |
| **Speech including AAC** | 210 min monthly direct (individual) speech | 2 x 30 min weekly synchronous individual speech |

| | AAC Consultation on PCS- 90 min monthly<br><br>AAC Training on implementation of PCS- 4 hours yearly<br><br>Special ed equipment or materials preparation for PCS- 2 hours yearly | 22.5 min synchronous every 15 days to support PCS |
|---|---|---|
| **Occupational Therapy** | Consultation: 140 min monthly | 2 x 30 min weekly synchronous |
| **Adapted Physical Education** | 2 x 30 min weekly group | 2 x 30 min weekly (1:2 w/ twin)<br><br>2 x45 min weekly (1:2 w/ twin) |

8.)    On August 25, 2020, Plaintiff received a Distance Learning Plan ("August 25, 2020 DLP"). The DLP acknowledges Student's IEP was written for in-person instruction. The DLP acknowledges District is implementing the wrong IEP.  It notes they are implementing the January 8, 2020 IEP which has not been consented to.

9.)     The August 25, 2020 DLP lists the services and service providers. The DLP does not reflect that Plaintiff is receiving one to one aide support and the contact information for that provider.

10.)    The August 25, 2020 DLP acknowledges "SAI services will be executed using "live" (synchronous) and asynchronous models." Plaintiff has not been provided one to one aide support during distance learning in the 2020-2021 school year during synchronous or asynchronous instruction.

11.)    As evidenced by the August 25, 2020 DLP, Plaintiff's academic goals are being delivered via on-line/digital websites such as Unique Learning, Raz Kids, etc.

12.)    The August 25, 2020 DLP fails to reflect how Plaintiff's Behavior Intervention Plan will be implemented. The Behavior Intervention Plan being implemented is dated January 9, 2020.

13.)    To be involved in the IEP process, Parent requested an IEP meeting to discuss the August 25, 2020 DLP, lack of appropriate services, and need for one to one in person aide support. The IEP team met on September 8, 2020. The IEP team, including the special education director, refused to consider in-person aide support or allow the team to make an individualized decision. The team failed to address Parents concern that Plaintiff cannot access her education due to the lack

of in-person support or offer another solution to ensure Student can access synchronous and asynchronous work even though <u>they acknowledged she can only access 50% of the group synchronous instruction and very little asynchronous instruction</u>. Parent also expressed concern the asynchronous work is not tailored to Plaintiff's individual needs as it is too difficult for Plaintiff to access- especially with no live instruction.

14.)    During the September 8, 2020 IEP meeting, Plaintiff's teacher confirmed Plaintiff is receiving SAI according to the teacher's contract not M.R.G.'s individualized needs. The teacher confirmed she is only required to provide 15 minutes per day of live instruction.

15.)    On September 15, 2020, Plaintiff filed a Request for Due Process with the Office of Administrative Hearings ("OAH") for violations of the IDEA related to various concerns regarding Plaintiff's education during the 2019-2020 and 2020-2021 school years. As part of the complaint, Plaintiff alleges District is materially failing to implement her stay put IEP instead implementing a Distance Learning Plan ("DLP") which was sent to Parents without their input on August 24, 2020.

16.)    There is a strong legislative preference for in-person instruction. Education Code § 43502 states that LEAs "shall offer in-person instruction to the greatest extent possible."

17.)    On September 21, 2020, Senate Bill No. 820 was passed in California, which codifies the requirement that ***in-person instruction be provided to the greatest extent possible.*** "43504. (a) The compulsory education requirements described in Section 48200 continue to apply for the 2020–21 school year. (b) A local educational agency shall offer in-person instruction to the greatest extent possible."

18.)    On September 25, 2020, Plaintiff filed a Motion for Stay Put seeking an Order from OAH compelling District to provide Plaintiff with the following in alignment of Plaintiff's October 30, 2019 IEP pending the outcome of the Request for Due Process:

a.      Lack of appropriate provision of specialized academic instruction ("SAI") as required by Student's IEP. Per the October 30, 2019 IEP, Student is entitled to 1915 minutes of SAI.

b.      Lack of in-person support of a 1:1 aide. Student's IEP is clear that Student has a 1:1 aide throughout her day to support implementation of goals and Student's BIP.

c.    Failure to provide comparable AAC services for implementation of PECs as set forth in the October 30, 2019 IEP. Student is only receiving 22.5 minutes every fifteen days. Student has not received the icons necessary to implement the PECs program at home.

19.)    On September 29, 2020, District responded to Plaintiff's motion stating that the motion should be denied because it "seeks to change the delivery model and services contained in the October 30, 2019 IEP."

20.)    On October 1, 2020, Plaintiff responded stating that District's implementation of the August 25, 2020 Distance Learning Plan is not comparable to the October 30, 2019 IEP. Plaintiff raised the issue that the current educational minutes vs. what is offered in the October 30, 2019 IEP are not comparable. Also, Plaintiff raised the issue that the lack of 1:1 aide support prevents Student from accessing all her education. Plaintiff also raised the issue she is not receiving the AAC services in the October 30, 2019 IEP is impeding her ability to acquire functional communication.

21.)    On October 2, 2020, Plaintiff provided a supplemental response. Plaintiff providing guidance from the U.S. Department of Education which supports Plaintiff's request that the specialized academic instruction in the October 30, 2019 IEP be provided to Plaintiff. Plaintiff also provided guidance that the

distance learning plan does not allow District to change Plaintiff's IEP. Finally,

Plaintiff provided evidence that Juvo Behavioral Health Services is ready, willing,

and able to provide in-person services to Plaintiff.

22.)     On October 2, 2020, OAH issued an Order Denying Stay Put stating

"Student's motion seeks a modification of Student's last agreed upon implemented

IEP through a stay put order. Therefore, Student's motion for stay-put is denied."

(See Attached Exhibit "A")

**District Has Denied M.R.G. Access to the Same Education Offered to**

**M.R.G.'s Non-Disabled Peers**

23.)     On August 11, 2020, District entered into a Memorandum of

Understanding ("Teacher MOU") with the Association of Pleasanton Teachers.

Relevant portions of the Teacher MOU are:

    a.   3.6: All bargaining members will follow all State and Federal laws in

        compliance with the Individuals with Disabilities Act (IDEA), Section

        504 of the Rehabilitation Act, and Education Code. Services may be

        conducted through remote means.

24.)     5.7.5(b): Secondary: Each instructional day (Monday, Tuesday,

Thursday, Friday), for middle school and high school teachers (grades 6-12) will

conduct a minimum of 15-25 minutes of synchronous instruction for each class period that is scheduled to meet that day….

25.)   5.7.6: When secondary teachers (grades 6-12) engage in synchronous instruction, they will do so according to the bell schedule established by their site administrator.

26.)   General education and/or non-disabled peers receive synchronous instruction at a higher rate than the amount provided to Petitioner. Instead of being offered the same real-time presentation of educational teaching by teachers, as evidenced by the August 25, 2020 DLP, Plaintiff's academic goals are being delivered via on-line/digital websites such as Unique Learning, Raz Kids, etc.

27.)   As a direct and proximate result of District's discrimination, M.R.G. suffered damages in an amount to be proven at trial as authorized by the ADA.

28.)   M.R.G. seeks injunctive relief granting her right to stay put by receiving the services in the October 30, 2019 pending resolution of her underlying and pending due process hearing currently before OAH.

29.)   M.R.G. seeks damages for the harm she has suffered when, because she is disabled, District denied her equal access to live teachers and peers as her non-disabled peers have bene provided.

## FIRST CAUSE OF ACTION
## INJUNCTIVE RELIEF AND APPEAL OF AN OFFICE OF
## ADMINISTRATIVE HEARINGS DECISION
## PURSUANT TO 20 USC § 1415(J)

30.) Plaintiff re-alleges and incorporates by reference as though fully set forth herein.

31.) 20 U.S.C. § 1415(j), a provision of the IDEA known as the "stay-put" provision, provides:

"Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed."

32.) California Education Code § 56505(d) requires that during the pendency of the hearing proceedings, including the actual state level hearing, or judicial proceeding regarding a due process hearing, the pupil shall remain in his or her placement unless the public agency and the parent agree otherwise. Interpretation of California's Education Code must be with an eye toward what

benefits the child not the school district. <u>Katz v. Los Gatos-Saratoga Joint Union High Sch. Dist.</u> 117 Cal.App.4th 47 (2004).

33.) A motion for stay put serves as an "automatic" preliminary injunction during the pendency of the due process action to maintain the status quo. <u>Joshua A. v. Rocklin Unified School Dist.</u> (9th Cir., 2009) 559 F.3d 1036.

34.) For stay put, 'then-current educational placement' means 'the placement set forth in the child's last implemented IEP.' <u>K.D. ex rel. CL v. Dep't of Educ.</u> 665 F.3d 1110 (9th Cir. 2011) Although the statute refers to "educational placement," not to "IEP", the purpose of an IEP is to embody the services and educational placement or placements that are planned for the child. <u>N.E. Seattle School Dist.</u> 842 F.3d 1093 (9th Cir. 2016) citing <u>Timothy O. v. Paso Robles Unified Sch. Dist.</u> 822 F.3d 1105 (9th Cir. 2016)

35.) On October 2, 2020, OAH issued an Order Denying Stay Put stating "Student's motion seeks a modification of Student's last agreed upon implemented IEP through a stay put order. Therefore, Student's motion for stay-put is denied."

36.) The Order incorrectly concludes the District was implementing Student's stay put IEP (the October 30, 2019 IEP) through the Distance Learning Plan. However, the Distance Learning Plan states the District is implementing the

January 8, 2020 IEP which has not been consented to by parents and is not the operative IEP for purposes of stay put.

37.)    If it is not possible to implement in full the last agreed upon IEP, a district must adopt a plan that approximates the IEP as closely as possible. Van Scoy v. San Luis Coastal Unified Sch. Dist. 337 F.Supp.2d 1083 (C.D. Cal. 2005). If it is impossible to implement in full the last agreed upon IEP, a district must adopt a plan that approximates the IEP as closely as possible. Ms. S. v. Vashon Island Sch. Dist. 337 F.3d 1115, 1134 (9th Cir. 2003).

38.)    The ALJ's factual findings were not thorough and careful. The ALJ did not address all issues raised in the Motion for Stay Put and disregarded the evidence presented by M.R.G.

39.)    The ALJ incorrectly refused to determine the sufficiency of the appropriateness of the stay put services. This error would force parents to choose between leaving their children in an education setting which potentially fails to meet legal standards, and placing the child in private school or seeking private services at their own cost. Congress sought to eliminate this dilemma.  Joshua A. at 1040.

40.)    The Order denied Student's request for in-person services but misstates that Plaintiff was requesting in-home services and a modification of

Plaintiff's IEP. However, Plaintiff was seeking a determination of whether in-person one to one aide services were necessary to ensure the stay put services being implemented were comparable to Plaintiff's October 30, 2019 IEP to the greatest extent possible- especially given the fact that Student was only able to access 50% of her education due to the lack of appropriate support from the District.

41.)   The Order also does not address the reduction in specialized academic instruction from 1915 minutes, failure to provide 1915 minutes of one to one aide support, and appropriate AAC services.

42.)   M.R.G. seeks enforcement of her stay put right to the following support owed through her last agreed upon IEP dated October 30, 2019.

## SECOND CAUSE OF ACTION FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE ADA

43.)  Plaintiff re-alleges and incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

44.)  "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

APPEAL OF AN OFFICE OF ADMINISTRATIVE HEARINGS SPECIAL EDUCATION DIVISION DECISION PURSUANT TO 20 USC § 1415(J) AND COMPLAINT FOR DAMAGES FOR DENIAL OF EQUAL ACCESS TO EDUCATION BASED UPON DISABILITY UNDER THE ADA TITLE II AND 504 OF THE REHABILITATION ACT. - 16

45.) A "qualified individual with a disability" under the ADA is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, … or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

46.) Title II of the American with Disabilities Act ("ADA") "forbids any "public entity" from discriminating based on disability" *Fry ex rel. E.F. v. Napoleon Cmty. Schs.*, 137 S.Ct. 743, 749 (2017). "A regulation implementing Title II requires a public entity to make "reasonable modifications" to its "policies, practices, or procedures" when necessary to avoid such discrimination." *Id.* at 749.

## THIRD CAUSE OF ACTION FOR DAMAGES FOR VIOLATIONS OF SECTION 504 OF THE REHAIBILITATION ACT OF 1973

47.) Plaintiff re-alleges and incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

48.) District receives federal funds for the provision of special education services to children with disabilities.

49.)    Section 504 of the Rehabilitation Act of 1972, as amended 29 USC § 794 prohibits discrimination against persons with disabilities.

50.)    Section 504 prohibits the exclusion from the participation in, or being denied the benefits of, or being subjected to, discrimination under any program or activity receiving federal financial assistance.

51.)    District violated Plaintiff's rights under Section 504 and the regulations promulgated thereunder by reducing synchronous teacher and eliminating teacher-led educational instruction offered to non-disabled peers because she is disabled.

## RECECOVERY OF ATTORNEY'S FEES UNDER THE IDEA AND ADA

52.)    Plaintiff re-alleges and incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

53.)    Plaintiff is entitled to reasonable attorneys' fees incurred during this litigation. Plaintiff has, and will continue to incur, substantial attorneys' fees and other costs incurred in connections with this federal district court action.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief as follows:

1.) Injunctive relief requiring District to implement Plaintiff's October 30, 2019 IEP including the provision of in-person 1:1 aide support per the IEP.

2.) Monetary Damages;

3.) An award of Plaintiff's prevailing party attorney's fees and costs in connection with this matter.

4.) Such other and further relief as the Court deems just and proper.

Dated this 15 of October, 2020.


_/S/ Kristin Springer_____
KRISTIN SPRINGER, Attorney

# EXHIBIT A

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF CALIFORNIA

IN THE MATTER OF:

PARENT ON BEHALF OF STUDENT,

v.

PLEASANTON UNIFIED SCHOOL DISTRICT.

OAH CASE NUMBER 2020090568

ORDER DENYING MOTION FOR STAY PUT

AND FOR INJUNCTIVE RELIEF

OCTOBER 2, 2020

On September 25, 2020, Student filed a motion for stay put.  On September 29, 2020, Pleasanton Unified School District filed on opposition on the grounds that Student's request for stay put does not reflect the last agreed upon and implemented IEP.  On October 1, 2020, Student filed a reply to Pleasanton's opposition brief and supporting declaration.  On October 2, 2020, Student filed a supplemental declaration by Student's counsel in support of the motion for stay put.

This is the second stay put motion filed by Student.  The first stay put motion was filed on September 15, 2020 and opposed by Pleasanton on September 18, 2020.  On September 23, 2020, OAH issued an Order Denying Student's Motion for Stay Put

Without Prejudice on the basis Student failed to prove which individualized education program, IEP was the last agreed upon and implemented IEP.  Student then filed the current motion for stay put and injunctive relief.

## APPLICABLE LAW

Until due process hearing procedures are complete, a special education student is entitled to remain in his or her current educational placement, unless the parties agree otherwise.  (20 U.S.C. § 1415(j); 34 C.F.R. § 300.518(a) (2006); Ed. Code, § 56505 subd. (d).)  This is referred to as "stay put."  For purposes of stay put, the current educational placement is typically the last agreed upon and implemented IEP placement prior to the dispute arising.  (*Thomas v. Cincinnati Bd. of Educ.*  (6th Cir. 1990) 918 F.2d 618, 625.)

In California, "specific educational placement" is defined as "that unique combination of facilities, personnel, location or equipment necessary to provide instructional services to an individual with exceptional needs," as specified in the IEP.  (Cal. Code Regs. tit. 5, § 3042, subd. (a).)  Courts have recognized, however, that the status quo cannot always be replicated exactly for purposes of stay put.  (*Ms. S. ex rel. G. v. Vashon Island School Dist.* (9th Cir. 2003) 337 F.3d 1115, 1133-35, superseded by statute on other grounds*, 20 U.S.C. § 1414(d)(1)(B).)

When a student advances from grade to grade, the stay-put provision entitles the student to receive a placement that, as closely as possible, replicates the placement that existed at the time the dispute arose, taking into account the changed circumstances.  (*R.F. Frankel v. Delano Union School District* (E.D. Cal 2016) 224 F. Supp. 3d, 979, *citing, Van Scoy ex rel. Van Scoy v. San Luis Coastal Unified School Dist.* (C.D. Cal. 2005) 353 F.Supp.2d 1083, 1086; *N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dep't of Educ.* (9th Cir. 2010) (600 F.3d 1104, 1116 [furloughs and concurrent

shut down of public schools is not a change in educational placement of disabled children].)

DISCUSSION

Student's motion for stay put alleges Pleasanton initially made an offer of a free appropriate public education to Student on January 9, 2019. Student's motion attached the January 9, 2019 IEP to Parent's sworn declaration, together with an unsigned October 30, 2019 IEP Amendment. Parent partially consented to the January 9, 2019 IEP, and October 30, 2019 IEP Amendment on November 15, 2019. Parent attached the November 15, 2019 consent with exceptions to her sworn declaration. Parent consented to, among other services, a one-to-one behaviorally trained aide. The gravamen of Student's stay put motion is that she is unable to access the distance learning provided by Pleasanton because the one-to-one behaviorally trained aide is not being provided to Student in-person.

Pleasanton acknowledges that the January 9, 2019 IEP, as amended by the October 30, 2019 IEP Amendment, referred to as Student's IEP, establishes the basis for Student's stay put. Pleasanton asserts it is implementing Student's IEP through its distance learning program. Pleasanton argues its distance learning program complies with Governor Gavin Newsome's executive orders, and the guidelines issued by the California Department of Education, referred to as CDE and orders by local health agencies.

Student filed a reply to Pleasanton's opposition on October 1, 2020 supported by a supplemental declaration by Parent. On October 2, 2020, Student filed an additional declaration by Student's counsel.

On March 4, 2020, California Governor Gavin Newsom declared a state of emergency in California due to the COVID-19 pandemic.  On March 13, 2020, Governor Newsom issued Executive Order N-26- 20, which directed school district operations during public health related school closures.

On March 16, 2020, Pleasanton closed its schools as a result of the COVID-19 pandemic and related directives from Alameda County Health.  Pleasanton's schools remain closed.

On June 29, 2020, Governor Newman signed Senate Bill 98, which supersedes prior guidance issued by CDE regarding distance learning.  SB 98 updated the Education Code to include new distance learning requirements applicable to both general and special education students.

On July 17, 2020, Governor Newsom and the California Department of Public Health issued directives prohibiting in-person instruction by schools located in a local health jurisdiction that has been on the county monitoring list within the prior 14 days.  Schools located within a local health jurisdiction that had been on a monitoring list within the last 14 days were ordered to conduct distance learning only. These directives superseded the CDE's March 20, 2020 guidance directives which permitted local educational agencies to provide in-person services where an individualized determination was made that in-person services and supports are necessary to maintain the mental/physical health and safety for a student.

Most recently, on September 30, 2020, the CDE issued guidelines for provision of in-person targeted, specialized support and services in onsite, stable cohorts in compliance with the California Department of Health guidelines.

The governmental guidelines issued during the COVID-19 school closures provide a means for school districts to substantially comply with the IDEA, using alternative delivery models of educational services to materially implement a student's IEP. Student's Parent consented to the services identified in Student's January 9, 2019 IEP, as amended in the October 30, 2019 Amendment. On August 25, 2020, Pleasanton provided Parent with a copy of Student's distance learning plan for the 2020-2021 school year. Pleasanton attached the August 25, 2020 distance learning plan to its opposition brief, supported by a sworn declaration. Pleasanton is implementing Student's IEP through the distance learning plan.

Student's motion argues stay put requires an in-person, one-to-one behavioral aide. However, this request does not maintain the status quo, but rather seeks to change the mode of delivery of services from distance learning to in-person support. Student's motion also disputes the sufficiency of the services provided to Student in distance learning and argues the amount of services being provided is less than that required under Student's IEP. However, determination of the sufficiency and appropriateness of the services and supports provided to Student are not properly the subject of a stay put motion. Rather, these issues should be determined after an evidentiary due process hearing.

Student's stay put during the pendency of this action is her January 9, 2019 IEP, as amended on October 30, 2019, as consented to by Parent and as implemented by Pleasanton. The January 9, 2019 IEP, as amended on October 30, 2019, shall remain Student's stay put during the pendency of this matter, unless or until an IEP team changes Student's last agreed upon and implemented IEP and Parent consents.

Student's motion seeks a modification of Student's last agreed upon implemented IEP through a stay put order.  Therefore, Student's motion for stay put is denied.

Student offered no legal authority supporting Student's request that OAH issue an injunction prohibiting Pleasanton from implementing the August 25, 2020 COVID-19 Distance Learning Plan.  Accordingly, Student's request for injunctive relief also is denied.

IT IS SO ORDERED.



Jennifer Kelly

Administrative Law Judge

Office of Administrative Hearings